*Phillips v. Brock*, No. 378-6-16 Wncv (Teachout, J., Dec. 27, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                      **CIVIL DIVISION**
**Washington Unit**                                      **Docket No. 378-6-16 Wncv**

**DALE PHILLIPS**
    **Plaintiff**


    **v.**


**RICHARD LINTON BROCK and**
**SARAH DAWSON BROCK**
    **Defendants**


**Cross-Motions for Summary Judgment:**
**Defendants' Claim based on Estoppel**
**Defendants' Claim of Adverse Possession**


    The court has previously ruled that Plaintiff, the owner of Lot 1 in the Cutler Heights Subdivision, is holder, as a matter of deed interpretation, of a deeded easement providing access to Lot 1 that is located on adjacent Lots 2 and 5, which are currently owned by Defendants. Defendants claim that Plaintiff is nonetheless estopped from claiming a continuing right to the easement based on estoppel. Both parties have filed summary judgment motions on the claim. Plaintiff challenges the admissibility of some of the facts Defendants rely on, and both parties seek summary judgment on the issue. Oral argument was heard on December 19, 2017.

*Admissibility of Evidence offered by Defendants as Basis for Undisputed Facts*
    Plaintiff challenges three sources of facts relied on by Defendants. This calls for rulings on the admissibility of these items of evidence, as evidence must be admissible to support determination of undisputed facts for purposes of summary judgment. V.R.C.P. 56(c)(2).

    1.   Memo entitled "Suggested Solutions to Right of Way Problem." (Defs. Exhibit 11)

        This is a memo dated April 3, 1989 of Cyrus Y. Ferris, Jr., who at the time was the owner of Lot 2. (He was also a Trustee of the Ferris Family Trust, which owned Lot 1.) Plaintiff does not dispute that the document was authored by Mr. Ferris, nor that it was addressed to James and Gladys Brock, owners of Lot 5 at the time. Its authenticity is not in dispute, and Plaintiff acknowledges that it qualifies as an exception to the hearsay rule under VRE 803(16) as an ancient document. Plaintiff challenges its relevance on the grounds that by its terms it does not purport to address any property interest related to Lot 1, the Ferris Family Trust "homestead" property, but only addresses interests related to Lot 2. Defendants argue that it is relevant because an inference can be drawn from it that if the Brocks were to purchase Lot 2, the "right of way problem" of any right of way on Lot 2 would be extinguished and resolved. They argue that by offering to solve the "right of way problem" on Lot 2 by selling it to the Brocks, Mr. Ferris made a promise, later relied on by the Brocks, that they would acquire Lot 2 free and clear of any easement at

1

all, and that he was in a position to make that promise because he was a Trustee of the owner of Lot 1 as well. Defendants' argument that an inference can be drawn from the memo that could affect the easement that benefits Lot 1 is sufficient to make the document relevant under V.R.E. 402, and it is accepted as admissible evidence. Its significance is addressed in the legal analysis below.

2. <u>Affidavit of Richard Linton Brock</u>  (Defs Exhibit 9)

At oral argument on December 19, 2017, Attorney Fitzgerald clarified that Defendants were not relying on any hearsay statements included within this document (specifically, things his father or others told him), but only on the statements of Richard Linton Brock made on his own personal knowledge. With that clarification, the court finds the following paragraphs of the Affidavit admissible and eligible for consideration in the summary judgment analysis: ¶¶ 1–3, 7–9, 11–13, 15–20. All other paragraphs contain inadmissible hearsay and are not used in the summary judgment analysis.

3. <u>Affidavit of Nicholas H. Ward</u>  (dated and filed September 1, 2017 with Supplement)

Again, Attorney Fitzgerald clarified that only non-hearsay statements included within this document are relied on in support of Defendants' motion for summary judgment on estoppel. With that clarification, the court finds the following paragraphs of the Affidavit admissible and eligible for consideration in the summary judgment analysis: ¶¶ 1–3, 7, 8-first sentence only, 9, 12–13, 15–16. All other paragraphs, and the remainder of paragraph 8, contain inadmissible hearsay and are not used in the summary judgment analysis.

*Defendants' Claim for Summary Judgment based on Estoppel*

*Undisputed Facts*
The facts set forth in the Decision of November 3, 2017 and Exhibits 1–7 attached to it are all incorporated herein. In addition, the following facts are undisputed.

On July 29, 1977, Cyrus Y. Ferris, Jr. and Marguerite H. Ferris, owners of Lot 1, conveyed all of their interests to Cyrus Y. Ferris, Jr., Marguerite H. Ferris, Tikyon Y. Ferris, and Nicholas H. Ward, Trustees of The Ferris Family Trust.

In October of 1977, Heney conveyed Lot 2 to Bush, and in February of 1979, Heney conveyed Lot 5 to Foss, subject to the easement described in the prior Decision and shown on Exhibit 4 attached to the Decision.

On December 5, 1979, Bush conveyed Lot 2 to Cyrus Y. Ferris, Jr. individually. In June of 1988, Foss conveyed Lot 5 to James and Gladys Brock "subject to the rights of others in said right of way, all as set forth in the aforementioned deed." The Brocks constructed a primary residence on Lot 5, which was burdened by an access easement crossing it for the benefit of Lot 2 as well as the easement crossing it for the benefit of Lot 1. The easement across Lot 5 for the benefit of Lot 1 was not being used at that time because a home had previously been constructed

on Lot 1 with a driveway that joined the Town road, Cutler Heights Road, much further to the north.

Within a year, one Bernard made an offer to Cyrus Y. Ferris, Jr. to purchase Lot 2. Any use by a third-party owner of Lot 2 and its 60 foot wide access easement across Lot 5 would have impacted the Brocks' use of their residence on Lot 5.

On April 3, 1989, Cyrus Y. Ferris, Jr. sent the Brocks the "Suggested Solutions" memo described above in which he set forth three options as "Suggested Solutions to Right of Way Problem:" (1) Brocks "purchase all lands and right of way included in warranty deed from Charles B. and Sharon G. Bush to Cyrus Y. Ferris, Jr. dated December 1979 at purchase price offered by Bernard;" (2) Brocks pay Ferris for long term lease; and (3) Brocks pay Ferris for long term lease and option to buy.

On January 2, 1990, the Brocks acquired Lot 2 "and a right of way across the easterly end of Lot 5" from Ferris.

*Analysis*

Defendants claim that the "Suggested Solutions" memo was a promise to the Brocks that if they purchased Lot 2, the problem of the existence of *any* third party right of way burdening Lot 5 would go away, and that the Brocks relied on that promise in proceeding to purchase Lot 2 such that Plaintiff, as successor to Lot 1, is estopped from claiming any interest in any easement burdening Lot 5 for the benefit of Lot 1.

Plaintiff argues that the Suggested Solutions memo is not signed and does not meet the requirements of the Statute of Frauds for the conveyance of an interest in land. 12 V.S.A. § 181(5).

Plaintiff is correct that the Suggested Solutions memo does not comply with the Statute of Frauds. Even if that were not necessary for purposes of equitable estoppel, there are other reasons that the elements necessary for equitable estoppel are not met.

In April of 1989, at the time of the Suggested Solutions memo, there were two separate legal easements that burdened Lot 5 owned by the Brocks, although they were both 60 feet wide and both in the same location (see Exhibit 6 to prior Decision): one for the benefit of Lot 1 (as described in the prior Decision), and one for the benefit of Lot 2 to provide access from the town road (Cutler Heights Road) across Lot 5 to Lot 2.

The Suggested Solutions memo is specific that the only easement that Ferris would be selling to the Brocks is the easement benefitting Lot 2. The scope of the purchase is specifically defined in the first paragraph under "Most Obvious Solution:" "Brock to purchase all lands and right of way *included in warranty deed from Charles B. and Sharon G. Bush to Cyrus Y. Ferris, Jr. dated December 1979* at purchase price offered by Bernard." (Emphasis added.) The only right of way included in that deed is the one that benefitted Lot 2. That deed did not and could not have included the easement right that benefitted Lot 1.

Moreover, Ferris authored the Suggested Solutions memo as a single individual who owned Lot 2. At that time, the easement benefitting Lot 1 was held by four Trustees of The Ferris Family Trust: Cyrus Y. Ferris, Jr., Marguerite H. Ferris, Tikyon Y. Ferris, and Nicholas H. Ward. In the memo, Cyrus Y. Ferris, Jr. did not make any representations on behalf of the four Trustees, nor did he purport to do so. Having chosen to hold title to the interests in Lot 1 in the form of a trust administered by four trustees as implemented by the 1977 deed, Cyrus Y. Ferris, Jr. was only one of four Trustees. There is no evidence that he had authority to act on behalf of all of the trustees or that he was attempting to do so. The heading on his Suggested Solutions memo shows only his own individual name.

Therefore, no promise was made by the proper owners of the easement benefitting Lot 1. Without a promise by the Trustees, there could be no estoppel against the Trustees, or Plaintiff as their successor. It is unnecessary to consider whether or not the purchase by the Brocks constituted justifiable reliance, since the element of promise is not met. Plaintiff is entitled to summary judgment on Defendant's claim that Plaintiff is estopped from claiming an easement across Lot 5 for the benefit of Lot 1.

*Defendants' Claim based on Adverse Possession*

Defendants claim that they and their predecessors in title to Lot 5 have extinguished the easement on Lot 5 for the benefit of Lot 1 by adverse possession. Having decided the estoppel claim as set forth above, the court has considered the parties' cross-motions for summary judgment on the issue of adverse possession.

Defendants rely on evidence that James and Gladys Brock erected a fence for 150' along the common boundary between Lots 1 and 5, thereby creating a partial barrier between Lot 1 and the easement that benefits it; that they mowed lawn and planted trees in the easement area; that they continuously maintained the fence and lawn; that they posted the area against hunting or trespassing and later required permission and restricted motor vehicle use; and that for a period of time they put up a rope across the right of way. Plaintiff argues that these activities did not actually interfere with or prevent use of the right of way, and that abandonment does not occur through non-use.

While all the facts set forth above are not disputed, the court concludes that the facts are not sufficient, without elaboration and cross-examination, to decide the ultimate issue of adverse possession. These facts could support a decision either way, depending on further development of the facts and an opportunity to view the property and make reasonable inferences from these facts and additional testimony. Thus, both parties' motions for summary judgment on this issue are denied. An evidentiary hearing will be necessary on the Defendants' claim for adverse possession. The court would like to make a site visit to the property prior to hearing evidence.

ORDER

Based on the foregoing,

1. Defendants' Motion for Summary Judgment (MPR 1) is *denied;*

2. Plaintiff's Motion for Summary Judgment (MPR 3) is *granted in part* as to Defendant's claims based on deed interpretation and estoppel; otherwise *denied*.

3. The attorneys are requested to confer about the amount of time needed for a site visit and presentation of evidence at a court trial, and to notify the court by January 17, 2018 of the amount of time needed as well as any upcoming scheduling problems.

Dated at Montpelier, Vermont this 26th day of December 2017.

_____
Mary Miles Teachout
Superior Judge